

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| TAUREAN AKILA KENAN,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 0:09-2998-HFF-PJG |
| | § | |
| CAPTAIN TERESA SPELLAR,<br>Defendant. | §<br>§<br>§ | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that this action be dismissed with prejudice for lack of prosecution. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 6, 2010, but Plaintiff failed to file any objections to the Report. Of course, the Court is cognizant of the fact that Plaintiff did not receive

a copy of the Report in that his was returned to the Clerk marked "NOT DELIVERABLE AS ADDRESSED." (Doc. 28.) Thus, it appears that Plaintiff has failed to keep the Clerk apprised of his current address, although directed to do so in the Court's December 8, 2009, Order. Plaintiff was warned that failure to abide by this directive might result in the Court's dismissal of the action. This fact fortifies the Court's decision below.

In the absence of objections, even in a situation such as this, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that this action be **DISMISSED** with prejudice for lack of prosecution.

**IT IS SO ORDERED**.

Signed this 8th day of September, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.